UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUZ E. RIVERA, individually and on behalf of all other similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:13CV00658 AGF ) |
| EXPRESS SCRIPTS, INC., and CURASCRIPT, INC., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This action for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and under state law for breach of contract is before the Court on the parties' joint motion for approval of the settlement agreement reached by the parties through Court-ordered mediation. The parties seek certification of a collective class under the FLSA of all current and former Patient/Client Advocates employed by Defendant CuraScript, Inc. (a wholly owned subsidiary of Defendant Express Scripts, Inc.) in Orlando, Florida, or Indianapolis, Indiana, who worked at least 39 hours in any one week from April 1, 2011, to May 27, 2013. They also seek appointment of the named Plaintiff as collective class representative; appointment of the named Plaintiff's counsel as collective class counsel; approval of the parties' proposed form and method of giving potential collective class members notice; and approval of the settlement agreement's provisions for attorney's fees for Plaintiff's/class counsel, and an incentive

award to the named Plaintiff, both of which are to come out of the settlement fund. The parties have submitted a copy of the Settlement Agreement and of the amended proposed Notice of Settlement, Claim Form, and related documents to be sent to potential claimants. (Doc. No. 32.)[1] A hearing on the fairness of the proposed settlement and notice and claim forms was held on February 12, 2014, at which certain settlement terms were modified. The parties thereafter filed an Amended Notice of Settlement and Claim Form. (Doc. Nos. 35, 35-1, and 35-2, filed under seal.)

When an FSLA collective action is settled, the court must scrutinize the proposed settlement documentation and make findings that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned and that it provides for an award of reasonable attorney's fees. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Further, the Court must determine whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members. *Id*.

"To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees." *Grove v. ZW Tech, Inc.*, No. 11–2445–KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012). To determine whether a settlement of an FLSA collective action is

---

[1] The parties characterized their motion as one seeking preliminary approval of the settlement agreement. However, because a settlement of a FLSA collective action is involved, and not a class action under Federal Rule of Civil Procedure 23, a bifurcated approval procedure is not necessary.

fair and equitable to all parties, courts apply the same fairness factors as apply to a proposed class action settlement under Rule 23, which include "(1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and (4) the judgment of the parties that the settlement is fair and reasonable." *Id*.

Here, upon review of the complaint, the amended terms of the settlement agreement, the Amended Notice of Settlement and other forms provided to all putative claimants, the joint memorandum in support of the motion for approval, and the representations of counsel for Plaintiff to the Court as to the possible size of the collective class, the Court finds that the litigation involves a bona fide dispute, and that the settlement agreement is fair and equitable. Further, the form of Amended Notice of Settlement (Doc. No. 35-1) is fair and accurate, and reasonably advises the putative claimants of the terms of the settlement and their options with regard thereto.

The Court finds that the attorney's fees and the enhanced payment for the named Plaintiff set forth in Exhibit A hereto (filed under seal), are reasonable, and leave a sufficient fund for payment of fair amounts to potential claimants. The Court notes that it finds the enhanced payment to be reasonable based on the named Plaintiff's extensive contributions to the case as well as the broader release signed by her, which releases other bona fide claims against Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for approval of the FLSA collective action settlement agreement reached in this case, as amended in accordance with Exhibit A, is **GRANTED**. (Doc. Nos. 32 and 35.)

**IT IS FURTHER ORDERED** that the parties shall proceed to provide notice to the collective class in accordance with the procedures set forth in the settlement agreement in the form of the Amended Notice (Doc. No. 35-1).

**IT IS FURTHER ORDERED** that the parties shall file dismissal papers in accordance with the terms of the settlement agreement.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2014.